[Civ. No. 2199.   Third Appellate District.—May 3, 1920.]

## C. H. BUSCHMANN et al., Appellants, v. TURLOCK IRRIGATION DISTRICT (a Public Corporation), et al., Respondents.

[1] WRIGHT IRRIGATION ACT—NEW CONSTRUCTION WORK—ADOPTION OF PLANS AND APPROVAL BY LAND OWNERS.—The whole purpose and scope of the Wright Irrigation Act, so far as it relates to new construction work, rests upon the adoption of plans and the approval of the land owners of the district, and it does not rest primarily with the directors, who are not, specifically or otherwise, empowered to carry on any new work without such previous authorization.

[2] ID.—MANDAMUS TO COMPEL CONSTRUCTION OF SERVICE DITCHES—INSUFFICIENT COMPLAINT.—In an action seeking a writ of mandate directing an irrigation district organized under the Wright Irrigation Act and the directors of such irrigation district to build a new branch or service ditch from its main canal to the lands of plaintiffs, the complaint fails to state a cause of action where there is nothing therein from which it can be inferred that the land owners of the district have adopted any plans calling for the construction of other than main and lateral canals, or of any canal or ditch which the plaintiffs seek to have constructed by order of the court, and it does not appear therefrom what the proposed work would cost, nor whether, if authorized by the district, the two per cent assessment provided for in section 39 of the act, if otherwise applicable, would prove adequate to defray the expenses of the undertaking.

[3] ID.—RATABLE DISTRIBUTION OF WATER—CONSTRUCTION OF SECTION 18 OF ACT.—Section 18 of the Wright Irrigation Act, which provides "that all waters distributed for irrigation purposes shall be apportioned ratably to each land owner upon the basis of the ratio which the last assessment of such owner for district purposes within said district bears to the whole sum assessed upon the district," neither authorizes nor commands the construction of either main, branch, or lateral canals or service ditches which have not been otherwise provided for, but merely directs how the water available for irrigation purposes shall be apportioned when the land owners have their lands prepared for irrigation.

APPEAL from a judgment of the Superior Court of Stanislaus County.   G. W. Nicol, Judge.   Affirmed.

The facts are stated in the opinion of the court.

47 Cal. App.—21

W. C. LeHane for Appellants.

Griffin, Boone & Booné and P. H. Griffin for Respondents.

PLUMMER, P. J., *pro tem.*—By this action plaintiffs sought a writ of mandate from the superior court of Stanislaus County, directing the defendants to construct certain ditches and deliver water for irrigation purposes to lands and premises described in the complaint, belonging to the plaintiffs, and situate within the Turlock Irrigation District. The matter is in this court upon appeal from the order and judgment of the trial court sustaining defendants' demurrer to the plaintiffs' complaint.

It appears from the pleadings that the defendant Turlock Irrigation District is a *quasi*-public corporation, organized under the provisions of what is popularly known as the Wright Irrigation Act; that for some time past water has been delivered to the lands belonging to the plaintiffs through a private ditch, called the Delmas ditch, the intake of which is at a point on what is called the Ceres main ditch, constructed by and belonging to the defendant Turlock Irrigation District; that the water thus furnished through the Delmas ditch is lost, in large measure, by means of seepage, and the natural porous condition of the soil traversed by said Delmas ditch before being distributed over the lands of the appellants. To remedy this defect and avoid the loss of water a writ of mandate was prayed for, directing the Turlock Irrigation District and the other defendants herein to take such action as might be necessary to furnish plaintiffs with sufficient water for the irrigation of their lands; that said water be delivered directly to, or close by, the lands belonging to the plaintiffs.

Though not stated in precise form, the relief sought is, in fact, as follows: That the Turlock Irrigation District be required to build a new branch or service ditch from its main canal; that the directors of the district be required to construct said ditch and provide the money for paying the expenses of such construction without any adoption of plans or previous approval by the votes of the land owners of the district. Appellants argue that authority for such an order from the court is found in the last clause of section 39 of the Wright Act, [Stats. 1887, p. 29], relating to the

power of the board of directors of irrigation districts, which clause reads as follows: "Also sufficient to raise such amount, not exceeding two per centum of the aggregate value of the lands within the district according to the latest equalized assessment-roll thereof, as the board of directors shall determine may be needed to be raised by assessment for any of the *purposes* of this Act." ·

A correct interpretation of this clause requires an examination or analysis of the various provisions which set forth the power and purposes of the act, and how the machinery thereof is to operate.

Section 15 gives the board of directors power to construct canals, waterways, reservoirs, etc., and to acquire land necessary for such purposes.

Section 30 sets forth that "for the purposes of constructing or purchasing the necessary irrigation canals and works and acquiring the necessary property and rights therefor," etc., as soon as the district is organized, and also whenever thereafter a construction fund is necessary, etc., for the purpose of ascertaining the amount of money necessary to be raised, said board shall cause such surveys, examinations, drawings, and plans to be made as shall furnish the proper basis for the amount of money to be raised, which plans, it is provided in section 30a, must be submitted to the commission authorized to approve bonds of irrigation districts. And finally, after the plans, surveys and engineer's report have been approved, the proposition of raising money by a bond issue to carry on construction work according to the plans, surveys, etc., adopted, must be submitted to the voters of the district, as provided by section 30c of said act. In the event that the money raised by bond issues proves insufficient to complete the work undertaken by the district according to its adopted plans, section 34 provides that a special assessment may be levied after the question of so doing has been submitted to, and received a majority vote of, the qualified voters of the district.

Section 67 provides for the creation of certain funds, to wit, a bond fund, a construction fund and a general fund.

Section 55 specifies that the cost and expense of purchasing and acquiring the property and constructing the works and improvements provided for shall be paid wholly out of

the construction fund. (This section includes other items not pertinent to this case.)

Section 61 specifies ''that the board of directors and other officers of the district shall have no power to incur any debt or liability whatever, either by issuing bonds or otherwise, in excess of the provisions of this act,'' etc.

[1] It thus appears that the whole purpose and scope of the act, so far as it relates to new construction work, rests upon the adoption of plans and the approval of the land owners of the district; that it does not rest primarily with the directors, and that the directors are not, specifically or otherwise, empowered to carry on any new work without such previous authorization. Hence, if that portion of section 39 relied upon by appellants should be construed to authorize the use by the board of directors of funds so raised in any new work, such funds could only be employed in that manner if such new work had been previously authorized by the voters of the district.

[2] There is nothing in the appellants' complaint from which it can be inferred that the land owners of Turlock Irrigation District have adopted any plans calling for the construction of other than main and lateral canals, or of any canal or ditch which the plaintiffs seek to have constructed by order of this court. It does not appear that anything more than a general system has been provided for. It does appear, by way of argument in the briefs and the general history of irrigation districts, that different plans have been adopted by the voters of different districts. In some, main canals and laterals only have been provided for in the plans, and in others a much more comprehensive system of ditches, calling for the construction at the expense of the district not only of main and lateral canals, but of ditches conveying water to every forty acres of land susceptible of irrigation, has met the approval of the voters of the district.

The complaint is also lacking in other particulars. It does not appear therefrom what the proposed work would cost, nor whether, if authorized by the district, the two per cent assessment provided for in section 39, if otherwise applicable, would prove adequate to defray the expenses of the undertaking.

There is no means by which this court can determine whether any sum raised by the two per cent assessment might properly be applied to the construction of service ditches, and so order its application, without it being specifically shown that such sum is available. The board of directors of the district are given discretion to raise by a two per cent assessment such sum as the board shall determine may be necessary to be raised for any of the purposes of the act. The different purposes are placed upon an equal footing, and it must appear that the different purposes will not exhaust the fund for which it has been raised before the application of such fund may properly be ordered by this court applied to any particular project.

[3]   Considerable stress is laid upon section 18, wherein it is "expressly provided that all waters distributed for irrigation purposes shall be apportioned ratably to each land owner upon the basis of the ratio which the last assessment of such owner for district purposes within said district bears to the whole sum assessed upon the district." We do not, however, agree with the contention that this section either authorizes or commands the construction of either main, branch, or lateral canals or service ditches which have not been otherwise provided for. Its plain import would seem to be that when the land owners have their lands prepared for irrigation, have their service ditches connected with the system built by the district, then and in that case distribution of the water available for irrigation purposes is to be apportioned ratably, as therein set forth.

Being of the opinion that plaintiffs' complaint does not set forth a cause of action, it follows that the order and judgment of the trial court should be, and the same are, hereby affirmed.

Burnett, J., and Hart, J., concurred.